IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KENNETH TODD,                           *
        Petitioner,
    v.                                *    CIVIL ACTION NO. WMN-06-262

STATE OF MARYLAND                       *
        Respondent.
                            ***

## **MEMORANDUM**

On January 31, 2006, Petitioner Kenneth Todd, a detainee at the Baltimore City Detention Center ("BCDC"), filed a pleading with the Clerk alleging that his continued detention violates his due process rights. He states that his original conviction was overturned by the Court of Special Appeals of Maryland and on October 24, 2005, he was released from a Division of Correction ("DOC") facility and transported to the Baltimore Central Booking and Intake Center ("BCBIC") pursuant to a detainer. Petitioner complains that: (i) on October 25, 2005, he was fingerprinted and photographed without seeing a court commissioner and then transferred to BCDC; and (ii) BCDC failed to transport and produce him for a re-trial proceeding at the Circuit Court for Baltimore City on January 18, 2006.[1]  Paper No. 1.

The action was construed as a U.S.C. § 2241 petition for writ of habeas corpus and Respondent was ordered to file a response. The parties have briefed the issues and the case may be determined on the pleadings without oral hearing. *See* Local Rule 105.6. (D. Md. 2004). For reasons to follow, the case shall be dismissed without prejudice.

It is not disputed that in February of 2004, Petitioner was found guilty of second degree assault in the Circuit Court for Baltimore City and was sentenced to a ten-year term. Paper No. 5,

---

[1] Petitioner asserts that he has filed two petitions for writ of habeas corpus and pre-trial motions with the Clerk of the Circuit Court for Baltimore City, but the Clerk's Office has no information on his re-trial and misinformation with regard to his prior trial events.

Exs. 1 & 2. On August 15, 2005, Petitioner's conviction was reversed and remanded for a new trial by the Court of Special Appeals of Maryland.[2]  Paper No. 5, Ex. 2.  The intermediate appellate court's mandate was issued on September 14, 2005.  *Id*., Ex. 4.

On October 11, 2005, the Court of Appeals of Maryland received a letter from Petitioner dated October 6, 2005, in which he requested help in obtaining legal representation from the Office of the Public Defender at his re-trial.  *Id*., Ex. 5.  The Court of Appeals, however, construed his letter as a petition for certiorari and that same date notified Petitioner of such an interpretation.  *Id*., Ex. 7.  It also advised Petitioner that any supplement to the "petition" should be filed by November 8, 2006.  *Id*., Ex. 6.

Petitioner immediately wrote the Court of Appeals indicating that it had incorrectly misconstrued his letter as a petition for certiorari.  *Id*., Exs. 8 & 9.  On October 20, 2006, the court informed Petitioner that it would "withdraw your correspondence that we treated as a petition."  *Id*., Ex. 10.  In spite of this latter correspondence, on November 28, 2005 and January 23, 2006, the Court of Appeals sent letters to Petitioner indicating that it had yet to receive a supplement to his "petition."  *Id*., Exs. 13 & 14.  He was given an final extension to February 22, 2006, to file his supplement.  *Id*., Ex. 14.

On October 21, 2006, the Circuit Court for Baltimore City issued an order in the criminal case which: (i) acknowledged the Court of Special Appeals mandate; (ii) released Petitioner from DOC custody; and (iii) ordered Petitioner to "be transported to the [BCBIC] to be confined on a NO BAIL pretrial status pending retrial in the matter."  *Id*., Ex. 11.  On October 25, 2006, Petitioner was received into the custody of the BCDC.  Paper No. 5, Ex. 12 at p. 1.

---

[2]   The Court of Special Appeals concluded that the circuit court judge had erred in reseating a juror in response to the State's objection to defense counsel's use of a peremptory challenge under *Batson v. Kentucky*, 476 U.S. 79 (1986).  Paper No. 5, Ex. 2.

At the time Respondent filed its response, the new trial ordered by the Court of Special Appeals had not yet been scheduled by the trial court, apparently due to the pendency of the "petition" in the Court of Appeals. Counsel for Respondent indicates that on March 27, 2006, he submitted a motion to dismiss the pending "petition" in the Court of Appeals in an attempt to move the retrial forward.[3] *Id.*, Ex. 15.

To the extent that Petitioner is seeking § 2241 habeas corpus relief prior to his retrial, his petition shall be dismissed. While Petitioner indicates that he filed a number of habeas corpus proceedings in the Circuit Court for Baltimore City, there is no information that the state courts have ruled on these filings. In sum, Petitioner has failed to demonstrate that he has exhausted his state court remedies as required under *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U. S. 484, 490-91 (1973). Moreover, although Petitioner's retrial has undoubtedly been delayed by the state appellate court's misinterpretation of his pleading, he has failed to show that his confinement is unlawful in light of the October, 2005 Circuit Court order directing his confinement, without bail, until his retrial. For these reasons, a separate Order shall be entered dismissing this case.

Date: May 8, 2006

/s/
_____
William M. Nickerson
Senior United States District Judge

---

[3] The Clerk's Office for the Court of Appeals of Maryland confirms that the "petition" was considered withdrawn and dismissed on April 4, 2006, and that the criminal case has been remanded to the Circuit Court for Baltimore City.